### EASTHAMPTON.

An election, which takes place at a meeting, the warrant for calling which does not specify the time of opening the poll, and at which the poll is not kept open two hours, as required by statute 1839, c. 42, § 2, is void.

THE election of Eleazer W. Hannum, returned a member from this town, was controverted by Chauncy Parsons and others, on grounds which are stated in the following report thereon of the committee on elections:—

" In the examination of the facts in said case, the said Han-

[1] 65 J. H. 175, 221, 264.

num appeared before the committee, and, being sworn, testified as follows:—

'I am the chairman of the selectmen of the town of Easthampton. There was a meeting of said town on the twenty-eighth day of November last. On that day, the constable brought in his warrant, the town clerk being in the desk of the hall. The clerk then read the warrant, and the meeting was opened. This was near two o'clock, the meeting being warned to meet at that time. There was an article in the warrant, it was the first article, to see if the town would reconsider the vote passed at the former meeting, which was not to send a representative. It was then contended, that this meeting had no concern with the other, and it was moved to pass over this first article, and it was so passed over. The next article was to see if the town would choose a representative. It was stated, on the consideration of this article, that the meeting was unconstitutional. This discussion occupied considerable time. Several spoke and talked till some got uneasy, thinking their object was to spin out the time. All the time was occupied until a few minutes before three o'clock. It would not vary five minutes from three o'clock either way. It was then declared to be a vote to choose a representative. The poll was then opened by me, and I requested the voters to bring in their votes. They continued until all who had a desire to vote had voted. We closed the poll at sundown, being somewhere near half-past four o'clock. There was only one vote given during the last half hour. I asked, before closing the poll, if any one objected to it, which is our usual custom, and no one made any objection. The whole number of votes given in was ninety-nine, and of those I had sixty-four. At the election on the 14th preceding, there were one hundred and forty-seven votes cast in our town. We have, on our voting list, from 150 to 160 voters. The warrant did not state what time the poll would be opened or closed. I drew the warrant. At the spring meeting we usually have 100 votes cast. The warrant stated that the meeting would be held at two o'clock, but did not say what time the poll would be opened.'

It appearing, from this testimony, that the poll in this election was not kept open two hours, and also that the warrant calling the meeting did not specify at what time the poll would be opened, all of which is required by the second section of the forty-second chapter of the laws of this commonwealth, passed in the year one thousand eight hundred and thirty-nine, the committee are of opinion that said Hannum was not legally elected. They, therefore, recommend the adoption of the following resolution:—

Resolved, That the seat of Eleazer W. Hannum be declared vacated."

The report was agreed to by the house,[1] and the seat accordingly declared vacant.

The pay of Mr. Hannum was made up for his attendance during the session, including the day after the adoption of the report.[2]